PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* A. ESTEVA VIDAL, Defendant and Appellant.

No. 3825.   Argued June 28, 1929.—Decided July 12, 1929.

*A. Lens Cuena* and *Francisco Susoni* for the appellant.   *R. A. Gómez* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

A. Esteva Vidal was prosecuted on a charge of having employed women who worked for ten hours on August 29, 1928, in the manufacture of children's garments and other articles in his establishment in Arecibo. After hearing the evidence the district court sentenced him to pay a fine of twenty-five dollars for violation of the Act to regulate the

work of women and children of 1919, and he appealed to this court assigning as the only error the alleged erroneous weighing of the evidence by the trial court.

The evidence for the prosecution consisted of the testimony of Miguel Mascaró, inspector of the Bureau of Labor of the Insular Government, who testified in part as follows:

"In the discharge of our duties we proceeded to watch the workshop of this gentleman and we observed the entry of the women workers in the morning. Q.—At what hour did they go in? A.— They had to be in at eight o'clock in the morning and they entered at that hour, and they left at twelve o'clock which was the time to go out. We went there shortly before 1:30 p. m. and we saw them going in at that time, which is the time posted, and they left at 5:30 p. m., thus working the eight statutory hours. But later on, at 6:45 p. m. we posted ourselves in front of the establishment and saw them going to work and then remained until nine. We entered the workshop and talked to the principal and to the workers themselves. Q.—Where is the workshop? A.—In Nueva street, Arecibo. Q.—Who were the people working there? A.—Those who have been summoned from a larger group. Q.—Women? A.—Yes, Sir. Q.—What kind of work were they doing? A.—Some were ironing and some working on dresses, on children's garments. Q.— What kind of workshop is it? A.—For drawn and embroidery work and manufacture of children's garments."

Cross-examined by the defense the witness further testified:

"Do you know whether they worked all the time they remained in the establishment? A.—I did not remain during the day.—I only saw them when going in and when leaving the workshop, and they told me that they had been working."

The answer was not objected to.

The district attorney then introduced Guillermina Lugo, one of the women who, according to the complaint, worked for ten hours. She testified that she had been in the workshop in the morning, in the afternoon and in the evening; but that no work had been done in the afternoon because the materials were not ready.

The testimony of Luis F. Machicote, another inspector, is similar to that of Mascaró.

The accused testified in his own defense. His testimony is vague, ending as follows:

"Can you tell the court whether or not these women worked more than eight hours that day? They worked neither the eight hours, nor the forty-eight hours per week."

In our opinion the judgment is supported by the evidence. There is the direct observation of the inspectors as to entries in and departures from the workshop, which constitutes sufficient circumstancial evidence. Moreover, there is the statement made by the workers to the inspectors without objection on the part of the defendant.

It is true that the testimony of a witness for the prosecution tends to destroy the charge, but that testimony was not believed by the court. It is not probable that the workers would remain in the workshop from 1:30 to 5:30 p. m. if there was no work. Furthermore, the court doubtless took into consideration the relations of the witness with the defendant in deciding upon the credence to be given to her testimony.

The judgment appealed from must be affirmed.